UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,   )
                            )
        v.                  )        1:15-cr-00072-JDL-2
                            )
KELLI MUJO,                 )
                            )
            Defendant       )

### RECOMMENDED DECISION ON MOTION FOR COMPASSIONATE RELEASE

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant moves for a reduction of her sentence or a placement into home confinement for the remainder of her sentence. (Motion for Compassionate Release, ECF No. 701.) The Government opposes the motion. (Response, ECF No. 706.)

Following a review of the record and after consideration of Defendant's arguments, I recommend the Court deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2015, Defendant was indicted on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and oxycodone and one count of using or maintaining a drug involved premises and aiding and abetting the same. (Indictment, ECF No. 3.) After a trial in August 2016, a jury found Defendant guilty on both counts. (Jury Verdict, ECF No. 367.) In March 2017, the Court sentenced Defendant to 168 months in prison. (Judgment, ECF No. 521.)

Defendant has been incarcerated in a minimum-security federal facility in Alderson, West Virginia. Defendant submitted to the warden a request for compassionate release in

April 2022.  (Administrative Request, ECF No. 701-1.)  In July 2022, Defendant filed her motion for compassionate release.

## DISCUSSION

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)."  *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).  Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical, or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); and (4) reduce a sentence for certain defendants over the age of seventy who have served more than thirty years in prison or for other defendants based on extraordinary and compelling reasons, *id.* § 3582(c)(1)(A). Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed."  *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

A court may only grant compassionate release (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. §

3582(c)(1)(A)(i).  A defendant must exhaust the BOP process or wait for the 30-day period to lapse before he or she can seek relief from the sentencing court.  *United States v. McIntosh*, No. 2:16-cr-00100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020).[1]  As the Government concedes, Defendant has satisfied the exhaustion requirement because more than thirty days have elapsed since Defendant requested relief from the Warden.

The statute requires that a § 3582(c)(1)(A) sentence reduction may only be granted "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and to the extent that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." When directing the Sentencing Commission to promulgate policy statements defining the types of extraordinary and compelling circumstances that might warrant a sentence reduction, Congress has separately specified that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).

The Sentencing Commission issued an applicable policy statement for BOP-initiated motions.  U.S.S.G. § 1B1.13.  The policy statement largely tracks the statutory language, but the application notes include a non-exhaustive list of extraordinary and compelling circumstances, such as terminal illness, advanced age, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child,

---

[1] The exhaustion provision is a claims-processing rule as opposed to a jurisdictional bar, *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022), but the requirement is generally mandatory "unless waived or conceded by the Government."  *United States v. Waite*, No. 2:18-CR-00113-GZS, 2022 WL 2966505, at *2 (D. Me. July 27, 2022).

spouse, or partner.  U.S.S.G. § 1B1.13 Application Notes 1(A)–(C).  The guidance also gives BOP discretion to base its motion on other factors it deems extraordinary and compelling.  U.S.S.G. § 1B1.13 Application Note 1(D).  For prisoner-initiated motions, the Sentencing Commission's policy statement does not constitute binding authority but "may serve as a non-binding reference."  *United States v. Ruvalcaba*, 26 F.4th 14, 23 (1st Cir. 2022).  District courts, therefore, have broad authority to consider "any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief."  *Id.* at 28.[2]

Defendant argues the following combination of circumstances constitute extraordinary and compelling reasons for a sentence reduction: (1) insufficient treatment for her medical conditions, (2) inadequate care at a state-run facility for her adult son with special needs, (3) health risks associated with the COVID-19 pandemic.

Defendant's medical conditions include obesity, diabetes, hypertension, and PTSD. Because of restrictions associated with the COVID-19 pandemic, Defendant has been unable to use the gym facilities or participate in group fitness programming.  Defendant's blood pressure in July 2022 was 134/84.  In April 2022, her A1C level was 8.5, which is above the level of 6.4 that is associated with diabetes.  The medical records the parties submitted do not contain any details about the severity of symptoms or difficulties associated with Defendant's PTSD diagnosis.  Defendant's medical conditions do not

---

[2] As one factor among others, district courts may consider issues typically falling within the realm of habeas relief, including non-retroactive statutory changes, *id.*, or sentencing errors, *United States v. Trenkler*, No. 21-1441, 2022 WL 3711709, at *5 (1st Cir. Aug. 29, 2022).  The First Circuit has noted, however, that "correct application of the 'extraordinary and compelling' standard for compassionate release naturally precludes classic post-conviction arguments, without more, from carrying such motions to success."  *Id.*

appear to interfere substantially with her activities of daily living.  While Defendant is not satisfied with the level of care she has received while incarcerated, including the delays before beginning treatment for her diabetes, the record evidence is insufficient to support a finding that Defendant's conditions are unmanageable while she is incarcerated.

Defendant's adult son has diagnoses for traumatic brain injury, undeveloped lungs, hyperammoniaemia, arteriovenous malformation hemorrhage at eleven years of age, mixed mood disorders, bipolar, ADHD, intellectual disabilities, severe behavioral issues, sexual disinhibition, and certain allergies.  A Rhode Island state agency provides residential housing, direct professional support, and behavioral specialists, but Defendant alleges her son has suffered from abuse and neglect.  Defendant, with the assistance of employees at FPC Alderson, has contacted Adult Protective Services to initiate an investigation of her son's situation.  Defendant maintains that the state agency has been unresponsive to her requests for information about her son's situation and that with her release, "she would be better able to be involved in [the] investigation and move [her son] to another facility." (Motion at 12.)

One court has observed that district courts "are split on whether the need to care for family members aside from minor children or spouses is an extraordinary and compelling circumstance allowing for compassionate release."  *United States v. Gauna*, No. 2:07-cr-00248-19 WBS, 2021 WL 106472, at * 1 (E.D. Cal. Jan. 12, 2021) (collecting cases).  The courts that have determined that the need to care for a non-minor family member does not constitute an extraordinary and compelling reason generally cite the Sentencing Commission's policy statement, which the First Circuit recently held to be non-binding

when the Court considers a prisoner-initiated request for compassionate release.  *See Ruvalcaba*, 26 F.4th at 23.

The Court, however, does not have to decide whether the need to care for a non-minor family member can constitute a basis for compassionate release under certain circumstances.  Defendant does not seek release to provide direct care for her son, as she appears to acknowledge that her son requires specialized residential care.  Rather, Defendant seeks release to assist in the investigation of her son's situation and to advocate for her son.  The record reveals that Defendant has been and undoubtedly can continue to be an effective advocate for her son while she is incarcerated.  In addition, presumably, at least some of the multiple family members and friends who asserted their willingness to support and assist Defendant upon her release could assist Defendant in her effort to obtain information about her son's situation and to advocate for her son.  Accordingly, even if the Court determined that compassionate release was potentially available based on the lack of a caregiver for a non-minor family member, Defendant has not established that the circumstances in this case constitute an extraordinary and compelling reason for a sentence reduction.

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," *United States v. Curtis*, No. 1:14-cr-00140-JAW, 2020 WL 3104043, at *5 (D. Me. June 11, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)), but a sufficiently heightened risk of severe illness due to the presence of COVID-19 and underlying health conditions can sometimes create an extraordinary or compelling reason for a sentence

reduction.  *See e.g.*, *United States v. Belanger*, No. 1:15-cr-00072-JDL, 2020 WL 5351028, at *3 (D. Me. Sept. 4, 2020) (finding extraordinary circumstances from COVID-19 infections and health risk of the defendant including age, diabetes, obesity, hypertension, and cardiovascular disease).  With one current case at FPC Alderson out of approximately six-hundred prisoners, the prevalence of the virus at the facility is not particularly high as of September 13, 2022.  Defendant's preexisting medical conditions elevate her risk of serious illness to some degree, but given the availability now of vaccines that greatly reduce the risk of severe illness, Defendant's overall risk from COVID-19 does not amount to an extraordinary and compelling reason for compassionate release.[3]  As this Court has noted, "[f]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason for immediate release."  *United States v. Robertson*, No. 2:16-CR-00149-GZS, 2022 WL 597331, at *2 (D. Me. Feb. 28, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)) (internal quotation marks and modifications omitted).

Even if Defendant had presented sufficient evidence for the Court to consider a sentence reduction, an assessment of the § 3553(a) factors does not support compassionate release.  *See United States v. Saccoccia*, 10 F.4th 1, 8 (1st Cir. 2021) (stating that "the section 3553(a) factors may serve as an independent basis for a district court's decision to deny a compassionate-release motion and need only be addressed if the court finds an extraordinary and compelling reason favoring release" but noting that district courts

---

[3] The Government argues that vaccines are available for any prisoner who wants one.  Defendant evidently received two doses of the primary vaccine and a booster.

sometimes conduct the § 3553(a) analysis anyway).  Although Defendant has evidently made significant progress during her incarceration, the nature and extent of the drug trafficking operation that is the basis of Defendant's convictions, combined with the fact that Defendant has only served approximately 68 months of the 168-month sentence, or about 40.5%, weigh against a sentence reduction.

Defendant alternatively asked the Court to place her on home confinement.  While a court can recommend a certain placement, the Bureau of Prisons is given the discretion to grant home confinement under 18 U.S.C. § 3624(c)(2) and district courts are not authorized to order placement into home confinement.  *See United States v. Black*, No. 2:07-cr-00029-GZS, 2022 WL 1487035, at *2 n.3 (D. Me. May 11, 2022).  To the extent Defendant's alternate proposal can be construed as a request for the Court to recommend home confinement to BOP, the circumstances that support the denial of Defendant's request for compassionate release also weigh against home confinement.

In sum, Defendant has failed to establish that the circumstances asserted, either individually or in the aggregate, constitute extraordinary or compelling reasons for relief. Defendant is not entitled to a sentence reduction or a recommendation that she be placed in home confinement.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for compassionate release.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of September, 2022.