**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 1:15-cr-00072-JDL-2** |
| | ) | |
| **KELLI MUJO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On August 19, 2016, Kelli Mujo was convicted of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and oxycodone, in violation 21 U.S.C.A. §§ 846, 841(a)(1) and 841(b)(1)(A) (West 2022), and one count of using or maintaining a drug involved premises and aiding and abetting, in violation of 21 U.S.C.A. §§ 856(a)(1), 856(b) (West 2022), and 18 U.S.C.A. § 2 (West 2022).  On March 6, 2017, Mujo was sentenced to a term of imprisonment of 168 months, to be followed by a term of supervised release of five years.  She is currently incarcerated in Alderson, West Virginia. Mujo now moves for compassionate release pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2022) due to her physical health, a substantially-diminished ability to provide self-care in prison, circumstances related to the care of her adult son, and the alleged health risks that she faces in custody due to the COVID-19 pandemic (ECF No. 701).  She requests that the Court reduce her sentence to time served and modify the terms of her supervised release.  In the alternative, she requests that the Court order her release

1

into home confinement pursuant to §12003(B)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and 18 U.S.C.A. § 3624(c)(2) (West 2022).

The Government objects to Mujo's request, arguing that (1) Mujo's medical records do not support a finding of a substantially-diminished capacity to provide self-care, (2) the BOP has implemented extensive preventative measures to manage the pandemic, (3) Mujo's family circumstances do not give rise to an extraordinary and compelling reason for compassionate release, and (4) the sentencing factors do not warrant compassionate release.

Magistrate Judge John C. Nivison issued a Recommended Decision on September 14, 2022, recommending that the Court deny Mujo's Motion for Compassionate Release because she has not shown an extraordinary and compelling reason to order a sentence reduction and that consideration of the sentencing factors counseled against granting compassionate release (ECF No. 715). Judge Nivison also concluded that the Court does not have the authority to order home confinement under the CARES Act. Mujo filed a timely objection on September 29, 2022 (ECF No. 720).

After reviewing and considering the Recommended Decision, together with the entire record, I have made a *de novo* determination of all matters adjudicated by Judge Nivison. I concur with Judge Nivison's ultimate recommendation to deny the motion. I do, however, address some of Mujo's specific objections and the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2022).

2

First, Judge Nivison concludes that Mujo's preexisting medical conditions "elevate her risk of serious illness to some degree" but that due to the availability of vaccines, the "overall risk from COVID-19 does not amount to an extraordinary and compelling reason for compassionate release." ECF No. 715 at 6-7. The record shows that Mujo suffers from diabetes, hypertension, and obesity, and as a result of these medical conditions, she faces a heightened risk of serious illness if she contracts COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, Ctrs. For Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 20, 2023); *see also Obesity, Race/Ethnicity, and COVID-19*, Ctrs. For Disease Control and Prevention, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last visited Jan. 20, 2023). The record also shows that she has experienced significant delays in accessing medical care, including a delay in receiving a diabetes diagnosis and treatment, and she alleges that the facility did not provide her with treatment until after she filed her Motion for Compassionate Release. She argues that, due to insufficient medical care, her medical conditions are unmanageable while she is in custody.

Mujo also alleges that she struggles to breathe because of her obesity, and that she consistently wears a mask (including when she sleeps), which contributes to her difficulty breathing. As a result, she claims that she is forced into a chair or bed for over 50% of her waking hours due to low carbon dioxide levels. A debilitating medical condition may be grounds for a reduction in sentence when the inmate is "[c]apable

of only limited self-care and is confined to a bed or chair more than 50% of waking hours." *See Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4206(g)*, Fed. Bureau of Prisons, (Jan. 17, 2019). While the record shows that Mujo has repeatedly requested medical appointments for breathing difficulties, as well as other issues with numbness in her hands and blurred vision, there is no indication that Mujo has been diagnosed with a serious medical condition that corroborates her shortness of breath. Mujo's symptoms may be an indication of a more serious underlying condition, but the possibility of a future diagnosis does not constitute an extraordinary and compelling reason for compassionate release. *See United States v. Benoit*, No. 2:16-cr-00070-JDL, 2020 WL 6487193 (D. Me. Nov. 4, 2020).

Second, Mujo objects to Judge Nivison's finding that the Court does not have the authority to order home confinement. She argues that even if the CARES Act does not authorize the court to order home confinement, that I nonetheless have the authority to modify her sentence to require home confinement. However, the district court may not order home confinement in the absence of a sentence reduction, either pursuant to 18 U.S.C.A § 3621(b) (granting discretion to the BOP to designate the place of imprisonment, subject to certain enumerated factors including the sentencing court's recommendation) or 18 U.S.C.A. § 3624(c)(2) (authorizing the BOP to order a prisoner to serve the remainder of a sentence in home confinement). While the court may grant compassionate release to modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1), the Court may not order the remainder of an

*unmodified* term of imprisonment to be served at home.  *See United States v. Texeira-Nieves*, 23 F.4th 48, 59 (1st Cir. 2022) (noting that "'the absence of' any reference to modifying a defendant's location of confinement denotes that section 3582(c)(1)(A) does not afford a district court the authority to order a defendant to serve his unmodified sentence at home").  Because I have declined to reduce Mujo's sentence, the Court is not authorized to order home confinement pursuant to 18 U.S.C. § 3582(c)(1).

Regarding the sentencing factors, Judge Nivison considered two out of seven factors set forth in 18 U.S.C.A. § 3553(a).  He concluded that the "nature and extent of the drug trafficking operation that is the basis of [her] convictions" and the current length of time served did not warrant compassionate release.  ECF No 715 at 8.  I note that consideration of additional sentencing factors might weigh in favor of granting compassionate release.  Mujo (1) has no prior criminal history, (2) had an adolescence of extreme poverty and lack of parental supervision, (3) has had an extremely positive rehabilitation record while in custody, and (4) will have strong community support and viable employment options upon release.  However, Mujo has served less than 50% of her total sentence.  As I noted at Mujo's sentencing hearing, "this is a very serious crime.  And the sentence in this case has to reflect that because . . . it's really extraordinary, this conspiracy.  It's so far out of the ordinary it qualifies as extraordinary, both in its breadth and in its length."  No. 1:15-cr-00072-JDL-2, Sent'g. Tr. at 30:13-17.  My assessment of the seriousness of Mujo's offenses and the appropriateness of her sentence has not changed.  Weighing the sentencing factors in

their entirety, together with the fact that she has not demonstrated an extraordinary and compelling reason for release, I conclude that a reduction in sentence is not warranted.

Mujo has demonstrated that she suffers from serious medical conditions, and I recognize that individuals with obesity, diabetes, and hypertension in federal custody face unique challenges in accessing medical treatment and managing their care. If Mujo serves a greater portion of her sentence, receives a medical diagnosis that confirms the severity of her breathing difficulties, or if her medical conditions worsen, these factors may warrant reconsideration of compassionate release and she may renew her request at that time.

Accordingly, it is **ORDERED** that the Magistrate Judge's Recommended Decision (ECF No. 715) is **ACCEPTED** and Mujo's Motion for Compassionate Release (ECF No. 701) is **DENIED**.


**SO ORDERED.**

Dated: January 20, 2023


_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**